**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Harold SMITH, Defendant-Appellant.**

**No. 75–1218.**

United States Court of Appeals,
Fifth Circuit.

Nov. 17, 1975.

James A. Hayes, Lafayette, La. (Court-appointed), for defendant-appellant.

Donald E. Walter, U. S. Atty., J. Ransdell Keene, David R. Lestage, Asst. U. S.

---

Attys., Shreveport, La., for plaintiff-appellee.

Before BELL, COLEMAN and GEE, Circuit Judges.

COLEMAN, Circuit Judge.

This appellant, Harold Smith, has been convicted of the interstate transportation of a stolen motor vehicle, 18 U.S.C. § 2312.

It is first contended that the District Court should have dismissed the indictment against Smith for failure to prosecute him without unnecessary delay, Rule 48(b) of the Federal Rules of Criminal Procedure. It is also argued that the District Court erroneously responded to questions of fact propounded by the trial jury during the course of its deliberations. We find no merit in these contentions.

The point, however, which does require careful consideration is that Smith was tried by an eleven person jury and he now seeks to say that he did not in compliance with Rule 23(a) and (b) of the Federal Rules of Criminal Procedure waive trial by a jury of twelve.

Granting the importance of the question presented, and the novel posture in which it comes to us on appeal, we nevertheless affirm the conviction.

Smith's trial began at Lafayette, Louisiana, on December 9, 1974. Represented by counsel, he was seated at the counsel table and heard the District Judge impanel the juries for that week of court. He then witnessed the interrogation and the selection of the jurors who were to try his case. These proceedings are set forth in 46 pages of the typewritten record, indicating the thoroughness with which it was done, all in the presence of the defendant. In the actual selection of Smith's jury, the defense exercised seven peremptory challenges.

After twelve jurors had been accepted by both sides, the following occurred:

THE COURT: Before we recess, though, Mr. Hayes and Mr. Thomas [attorneys for the defendant and the government], can we stipulate in writing, in accordance with the Federal Rules, that if any of the twelve jurors chosen are unable to complete this trial, *for any reason deemed satisfactory by the Court* [emphasis added], that the verdict might be returned by the remaining jurors, even though less than twelve.

MR. HAYES: Let me explain that to Mr. Smith, Your Honor. I didn't have an opportunity to explain to him what we were . . .

COURT: Mr. Smith will have to sign a stipulation, if you can agree to that.

CONFERENCE BETWEEN MR. HAYES AND MR. SMITH.

MR. HAYES: Yes, Your Honor. *Mr. Smith will sign the stipulation.* [emphasis ours.]

COURT: Mr. Thomas, during this recess that we are going to take would you have a stipulation drawn and we will secure the consent of the defense to proceed without an alternate juror?

MR. THOMAS: Yes, Your Honor, I certainly will.

It is not to be doubted that Smith heard the inquiry addressed to counsel, in which it was specifically stated that "Mr. Smith will have to sign a stipulation, if you can agree to that". Undoubtedly, counsel conferred with Mr. Smith. It is equally certain that Smith heard his counsel inform the Court, "Mr. Smith *will sign* the stipulation".

Thereafter, the trial proceeded for about a day, and numerous witnesses had testified, consuming approximately 200 pages of the typewritten transcript, when Juror Boudreaux made it known to the Court that he could not read and write, which rendered him unqualified to serve as a juror. Boudreaux also informed the Court that his memory was so bad that when he went to the doctor he had to take his wife with him to

remember what the doctor told him; otherwise, he would forget it before he got home. The Trial Court concluded that Mr. Boudreaux should be excused from further service on the case. This quickly brought to the surface an unexpected and theretofore unsuspected snag.

The Rule 23(b) waiver could not be found.

The Assistant United States Attorney said that he knew he had signed it. Defense counsel stated that he signed it, and that he later gave it to the defendant, Smith. Defense counsel then made the startling announcement, "He [Smith] says he didn't sign the waiver. I don't have it in my file any more, and it is not in the record."

Whereupon, the Assistant United States Attorney, obviously laboring under considerable surprise, asked, "He didn't sign it?" Defense counsel responded, "I don't know. I was concerned about something else at the time, raised in the trial. Now, I will say this. You gave it to me, and you signed it, and I signed it. I know that's a fact. I don't know whether or not Harold [Smith] signed it." After considerable colloquy, the Assistant United States Attorney said, "We will just have to have another one typed and signed."

Whereupon defense counsel responded, "My thinking is this. I know Mr. Smith is thinking—and probably if I were charged with a crime—I don't know if he is going to consent to sign it." After considerable more talk, defense counsel said, "As to the signature of the defendant, I cannot say whether it was ever executed, or what became of the document."

Finally, the Court addressed the defendant, Smith: "Mr. Smith, I'm going to ask you now. Did you sign that document, or didn't you?"

Smith responded, "Your Honor, I'm not sure as to whether I did or not. I recall a conversation about some document."

COURT: "You recall my asking you whether or not you would agree to such a stipulation, do you not?"

ANSWER: "I recall your questioning me as to it, yes, sir."

COURT: "And you recall Mr. Hayes speaking to you, in open court yesterday, regarding this document when it was handed to you."

The defendant examined the paper and then said, "I don't recall having one of these in my presence, Your Honor."

COURT: "You did understand, though, that you were waiving a jury of less than twelve in the event that one or two of these jurors should become incapacitated or unable to go ahead with the trial. Did you not, Mr. Smith?"

ANSWER: "I'm not sure as to whether I did or not, Your Honor. Mr. Hayes and I have had many conversations at this table."

Hence, we find the defendant saying one day after counsel had explained the matter to him and had announced in his presence that the waiver would be signed that he could not remember whether he signed the waiver. Significantly, he did not deny signing it.

COURT: "All right. Court finds that the accused in this case actually was explained the nature of the stipulation; that he did assent to it in open court; and the record will speak for itself as to what transpired."

Whereupon, the defense made a motion for a mistrial on the ground that Rule 23 required "a written motion [sic]; that such is not in the presence of the court or filed with the clerk". The motion for a mistrial was denied.

The defense then moved for a mistrial on the additional ground that Rule 23 contemplates a stipulation for future incapacity; it is not intended to cure defects in the jury selection which may have occurred prior to the execution of the stipulation, if one was executed.

This, too, was denied.

The trial proceeded and Smith was convicted.

### The Rule

Rule 23 of the Federal Rules of Criminal Procedure reads as follows:

**Rule 23. Trial by Jury or by the Court**

(a) Trial by Jury. Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government.

(b) Jury of Less Than Twelve. Juries shall be of 12 but at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12.

(c) Trial Without a Jury. In a case tried without a jury the court shall make a general finding and shall in addition on request find the facts specially. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact appear therein.

The defendant did not waive trial by jury, so we are here concerned only with 23(b), Jury of Less Than Twelve.

The rarity of the occurrence herein described is matched by the rarity of judicial precedent.

■ The Supreme Court has said that before a waiver for trial to a jury of less than twelve can become effective there must be "express and intelligent consent of the defendant", *Patton v. United States,* 1930, 281 U.S. 276, 312, 50 S.Ct. 253, 263, 74 L.Ed.2d 854. This decision antedates the Federal Rules of Criminal Procedure and thus was laid down as required by the Constitution itself. Notably, however, the decision does not mention that the express and intelligent consent must be given in writing.

In *United States v. Guerrero-Peralta,* 9 Cir. 1971, 446 F.2d 876, it was held that Rule 23(b) is a "mandatory requirement", but the decision went on to say that "an oral stipulation may, under certain circumstances, satisfy the Rule, but it must appear from the record that the defendant personally gave express consent in open court, intelligently and knowingly, to the stipulation, (citing cases)". In *Guerrero,* the jury forelady was excused after the jury had begun its deliberations. There was no mention of Rule 23 and no effort to comply with it. This was a direct appeal and the conviction was reversed.

In 1974, the Sixth Circuit decided *United States v. Taylor,* 498 F.2d 390. In that case there was nothing but a stipulation between counsel for the government and the defendant. The trial judge did not conduct any *voir dire* with the defendant. The published opinion does not indicate that the matter was discussed in open court, in the presence of the defendant, with accompanying explanation of counsel, followed by an undisputed statement that the defendant would sign the waiver. The appellate court held that the record did "not show that the defendant himself ever assented to the waiver, either orally or in writing", thus the "express consent of the defendant himself", required by Rule 23(b), was absent. The conviction was reversed.

From the foregoing discussion it will at once be seen that the facts in the present appeal differ materially from those appearing in the Sixth and Ninth Circuit cases.

■ One thing, however, clearly emerges: a signed stipulation is not indispensably required for compliance with Rule 23(b); an oral stipulation will suffice if the defendant intelligently and personally consents.[1]

■ In the present appeal we have the finding of the trial judge:

"Court finds that the accused in this case actually was explained the nature of the stipulation; that he did assent to it in open court . . ."

The following facts obviously appear on the face of the record: (1) The requirements of Rule 23(b) were in no way ignored; (2) the Rule was brought to the attention of the defendant and counsel in open court; (3) they were expressly

---

1. This Court has heretofore considered this problem only in the context of a 28 U.S.C. § 2255 appeal. *Horne v. United States,* 5 Cir. 1959, 264 F.2d 40.

warned that the stipulation had to be signed by the defendant; (4) the waiver was explained to the defendant by his counsel;[2] (5) counsel announced in the presence of the defendant that he (the defendant) would sign the waiver; (6) the case went to trial; (7) many witnesses were heard; and (8) nobody raised any point whatever about the disappearance of the stipulation until it was found out that Juror Boudreaux was both senile and unable to read or write.

At that point, one day after the stipulation was thought to have been signed, counsel for the defendant could not remember whether he gave the waiver to his client, but admitted that it was no longer in his file. Although he undoubtedly had a fresh recollection of the matter, the defendant declined to affirm or deny that he had signed the document.

Regardless of whether the defendant actually affixed his signature to the stipulation, nothing but his equivocations upon discovery that the document was missing negates the finding of the requisite personal assent.[3] So, what this appeal comes down to is that we are asked to hold, with not a whisper in the record to support it, that defense counsel, in the very presence of his client, so brazenly violated his professional duty that, after conference, he falsely represented to the Court that the defendant would sign the stipulation.

The record clearly supports the finding of the District Court that the defendant did assent to trial by a jury of less than twelve if the same should become necessary, which, as events developed, ripened into actuality.

The Judgment of the District Court is Affirmed.

GEE, Circuit Judge (dissenting):

With deference, I find myself unable to join in the affirmance of Smith's conviction by a jury of eleven, though the majority opinion puts the case for it as cogently and strongly as it can be. I have no quarrel with the opinion's reasoning that an oral stipulation of waiver, entered of record by Smith in the circumstances presented, would have sufficed despite Rule 23(b)'s requirement of a writing. And it is true that the court below found explicitly that Smith ". . . did assent to [trial by a jury of less than twelve] in open court. . . ." My problem is that I can find no evidence that he did so, only that he sat by and heard his counsel promise that he *would*. Smith never admitted that he *had*, or sat by while anyone so asserted.

There can be no doubt that Smith has played fast and loose with the court, but I cannot free myself from a conviction that he has done so successfully. The line must be drawn somewhere, and I would—regretfully and with full recognition that Smith has trifled with the process of criminal justice—draw it short of finding ₒassent by him to what was done here.

---

2. Defense counsel seeks to mitigate the true impact of the waiver by saying that he mistakenly told Smith that the waiver would attach only if a juror became ill, or the like, but there is no contention, and little if any room to contend, that the defendant was not fully informed that he was waiving a right which only he could waive, that is, trial by a jury of twelve persons. The record shows that the Court informed the parties that a juror might be excused for any reason deemed satisfactory by him.

3. There was no denial from any source that the defendant had signed the waiver. The document simply could not be found. On the chance that it might turn up, signed, defendant's lapse of memory was playing it safe. The Assistant United States Attorney said he thought he saw the defendant sign it and he *knew* that he heard defendant ask his counsel if it were necessary that he sign all five copies.