### UNITED STATES of America, Plaintiff-Appellee,

v.

### James Loman HUFF, Defendant-Appellant.

### No. 80–1199
### Summary Calendar.

United States Court of Appeals, Fifth Circuit. Unit A

Feb. 17, 1981.

Rehearing Denied May 8, 1981.

G. Brockett Irwin, Longview, Tex., for defendant-appellant.

Kenneth J. Mighell, U. S. Atty., Gerhard E. Kleinschmidt, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

PER CURIAM:

James Loman Huff appeals his conviction on two counts of mail fraud on the ground that the jury which convicted him consisted of eleven members and that he had not waived a jury of twelve by "expressing intelligent consent," *Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930).

After a jury of twelve had been chosen in Huff's trial, the prosecution made its opening statement to the jury, and the defense requested that it be allowed to make its opening statement at the conclusion of the government's case. The court then undertook to recess for the day. At this time one of the jurors made known the fact that he was acquainted with the son of defendant Huff. Upon questioning from the judge he indicated he felt that the fact that he knew the son would influence him in the case.

The following colloquy then took place between Mr. Kleinschmidt, the prosecutor, Mr. Sigel and Mr. Carr, counsel for the defendants, and the court:

MR. KLEINSCHMIDT: I wonder if counsel for defense would agree to proceed with eleven, Your Honor, then, because I think it puts—

THE COURT: If we can find the other—next juror we can just excuse him and take the next juror. Who would it be, Jackie?

THE CLERK: Let's see. I believe it would be Eva E. Deaton that wasn't challenged.

THE COURT: Go upstairs and get Miss Deaton.

THE CLERK: Well, let's see. Glenn Deerdoff will be the next juror.

THE COURT: Glenn Deerdoff will be the next juror.

MR. KLEINSCHMIDT: Yes, Your Honor.

THE COURT: We will have to call him.

MR. KLEINSCHMIDT: Your Honor, I think the only problem would be that—

THE COURT: I know that we will have to either go all over it again tomorrow morning is the only thing that I know.

MR. KLEINSCHMIDT: That is what I was wondering if they would agree to eleven.

THE COURT: I will swear the juror in.

.    .    .    .    .

MR. SIGEL: Judge, we would—at least, if we could have one minute, I think we would rather go with the eleven.

THE COURT: Well, he would be the next juror who has not been struck.

MR. CARR: They are willing to proceed with just eleven jurors, Your Honor.

THE COURT: You are ready to proceed with eleven jurors?

MR. CARR: I think that is the agreement that has been submitted to the Court. We will proceed with eleven jurors. I think Mr. Kleinschmidt was proposing that to you, Your Honor, and if the Court agrees we will proceed with eleven.

THE COURT: All right. He is gone. All right. We will proceed with eleven jurors.

(Transcript 43–44)

It is to be noted that in this colloquy while prosecutor originally mentioned the possibility of going ahead with eleven jurors, he was interrupted by the judge who went right ahead to obtain a twelfth juror. It was at this point that defense counsel indicated, having found out who the twelfth juror would be, that they would proceed with eleven jurors. The court was ignoring the suggestion of the prosecutor, and it was actually the defense counsel that affirmatively moved ahead to request that the case proceed instead with a jury of eleven.

The record does not disclose whether defense counsel consulted with defendant in making this tactical decision at this stage of the trial.

The case then proceeded with the jury of eleven. After the presentation of evidence, the court asked the prosecutor to describe for the record the events leading up to the decision to go forward with eleven jurors. After recounting the events leading to the excusing of a juror, Mr. Kleinschmidt, the prosecutor continued and the following colloquy occurred:

MR. KLEINSCHMIDT: . . . I believe that the Court suggested that we would have another juror seated and then we would start over, we would swear the jury again, we would read the Indictment again and the Government would make the opening statement again and it is my recollection that the defense, rather than have the Government have the opportunity to read the Indictment twice and make an opening statement twice agreed to proceed with just the eleven jurors that we have.

THE COURT: I would like to add that the Clerk had the list, the total list of the jurors and that she had the next juror that had not been struck by either one of the defendants or by the prosecution and that was the one that we were going to bring up here and qualify.

MR. KLEINSCHMIDT: That is correct, Your Honor.

THE COURT: All right. Do you wish to make a statement, Mr. Sigel?

MR. IRWIN: (another defense counsel) Your Honor, while I—

MR. SIGEL: One second. We may be able to avoid it.

(Discussion between Mr. Sigel, Mr. Huff and Mr. Irwin.)

MR. IRWIN: I think, Your Honor, it would be appropriate because I am going to state for the record as a counsel of record that I announced to the Court that we were willing to proceed. The question now arises whether the defendant gave his explicit consent either to counsel or to the Court and I think out of an over abundance of caution and in the interest of justice it might be appropriate that we refer to the record to determine whether in fact the defendant was asked in open court whether he made such a waiver and exactly by what terms such a waiver was announced to the Court. I think it would be appropriate, having made that determination, we would ask the Court to advise the defendant as to what his rights are so that no allegation of coercion on the part of his counsel can be imposed or suggested. I merely make that suggestion to the Court as an officer of the Court because to be quite candid with the Court, I do not specifically recall just what circumstances we advised the Court that we consented to proceed in the absence of a twelfth juror.

MR. KLEINSCHMIDT: I don't have any objection to that, Your Honor. It might be a good idea to check and see what the record shows.

THE COURT: I think I know what the record will show but I will ask the court reporter to check the record.

MR. KLEINSCHMIDT: It is certainly the Government's understanding that all counsel for both defendants and both defendants understood very well that we only had eleven jurors there.

In fact, as I recall, when we started the next day you had a problem with one of those jurors because of a warrant and in fact, you know, it was all known throughout the entire trial that there were only eleven people on this jury and that all parties had agreed to it.

MR. SIGEL: Judge, for the record I would have to go along with that. I think that Mr. Irwin is bringing up a point that may come up to haunt both he and me later. This may be getting Mr. Huff to do this under a form of coercion I guess because I know this is what he should do. At this stage of the proceedings it is just hard to say this is his free act at this particular moment. I don't see why he won't sign it.

THE COURT: Mr. Huff, will you stand up, please?

MR. HUFF: Yes ma'am.

THE COURT: Mr. Huff, is Mr. Sigel your attorney?

MR. HUFF: Yes, ma'am.

THE COURT: Is Mr. Irwin your attorney?

MR. HUFF: Yes, ma'am.

THE COURT: Do you rely on them to advise you with regard to the law?

MR. HUFF: Yes, ma'am.

THE COURT: You rely on both of them, do you?

MR. HUFF: Yes, ma'am.

THE COURT: When they tell you that it is all right to go ahead with eleven jurors do you believe them?

MR. HUFF: Yes, ma'am.

THE COURT: When they said at the beginning of the trial that it was all right to go ahead with eleven jurors and from then on we only had eleven jurors did you rely on them when they said that?

MR. HUFF: I don't recall them saying that to me. We had no discussion about it, Your Honor.

THE COURT: When they said, when either one of them said that it was all right to go ahead with eleven jurors, did you rely on their statement?

MR. HUFF: I am not sure in that particular—

THE COURT: You want to find out just what the record shows?

MR. IRWIN: Your Honor, I think we should out and over abundance of caution.

THE COURT: All right. Will you please look it up, Mr. Court Reporter?

THE REPORTER: "Mr. Sigel: Judge, we would—at least, if we could have one minute, I think we would rather go with the eleven.

THE COURT: Well, he would be the next juror who has not been struck.

MR. CARR: They are willing to proceed with just eleven jurors, Your Honor.

THE COURT: You are ready to proceed with eleven jurors?

MR. CARR: I think that is the agreement that has been submitted to the Court. We will proceed with eleven jurors. I think Mr. Kleinschmidt was proposing that to you, Your Honor, and if the Court agrees we will proceed with eleven.

THE COURT: All right. He is gone. All right. We will proceed with eleven jurors.

THE COURT: Mr. Huff, did you hear that your attorney was the one who proposed with going ahead with eleven jurors?

MR. HUFF: Yes, Your Honor.

THE COURT: Are you willing to rely on his advice?

MR. HUFF: Yes, Your Honor.

THE COURT: All right. Will you sign that?

(Mr. Huff signed the instrument.)

THE COURT: All right. There is no place for me to sign it.

MR. KLEINSCHMIDT: Would you like me to read it into the record, Your Honor?

THE COURT: The Clerk will have it in the record.

MR. KLEINSCHMIDT: Very well, Your Honor. Thank you.

THE COURT: And if you wish the Court Reporter will copy it into the record.

MR. KLEINSCHMIDT: Thank you, Your Honor.

THE COURT: Introduce it as an exhibit, Mr. Kleinschmidt and then it will get in the record.

MR. KLEINSCHMIDT: Your Honor, for the purpose of identification I have marked it Government's Exhibit No. 16. It is the Waiver of the Right to a Jury by Twelve. It has been signed by all of the defendants, all of their attorneys and the Government has agreed to it and I signed it on behalf of the Government.

(Transcript 512–517)

Rule 23(b) of the Federal Rules of Criminal Procedure provides:

b. Jury of Less Than Twelve. Jury shall be of twelve, but at any time before verdict the parties may stipulate in writing with the approval of the Court that the jury shall consist of any number less than twelve or that a valid verdict may be returned by a jury of less than twelve should the court find it necessary to excuse one or more jurors for any just cause after trial commences.

██ It is recognized that in addition to the literal wording of this rule, there must be a showing of an express and intelligent waiver of a jury of twelve by the defendant as the *Patton* case, quoted above, indicates.

██ We conclude that there has been express, knowing, and intelligent waiver in this case. In *United States v. Smith*, 523 F.2d 788 (5th Cir. 1975), *cert. denied*, 424 U.S. 973, 96 S.Ct. 1475, 47 L.Ed.2d 742 (1976), this Court found an adequate waiver by defendant under Rule 23(b) even though a written waiver which it had been assumed the defendant had signed was lost, and the defendant could not recall whether he had signed any written waiver and denied in open court that he had orally specifically agreed to the waiver. But on the trial judge's conclusion that he had orally agreed to the waiver at an earlier time, supported by the record, the Court upheld the waiver. Further, in *United States v. Spiegel*, 604

F.2d 961 (5th Cir. 1979), this Court upheld a waiver accomplished wholly by counsel speaking on behalf of the defendant.

In this case we have a waiver by counsel speaking on behalf of a defendant which was confirmed in writing and signed by the defendant specifically and introduced in evidence before the verdict. The signed, written waiver after the questioning of defendant by the judge cured any possible weakness in the earlier agreement to the waiver expressed on behalf of defendant by his counsel. Since the written waiver was, in the precise terms of the rule, "before verdict", and since the defendant was specifically questioned by the judge to remove any possible taint of coercion, an express, knowing and intelligent waiver by defendant Huff clearly is shown. We also reject Huff's contention that the court's questioning of defendant was itself coercive.

The decision of the district court that defendant had expressly, knowingly and intelligently waived the right to trial by jury of twelve and agreed to submit his case to a jury of eleven is

AFFIRMED.