Fred Douglas **MILLS**,
Petitioner–Appellant,

v.

James A. **COLLINS**, Director, Texas Dept. of Criminal Justice, Institutional Division, Respondent–Appellee.

No. 89–1851.

United States Court of Appeals,
Fifth Circuit.

Feb. 19, 1991.

---

Fred Douglas Mills, Rosharon, Tex., petitioner-appellant pro se.

Dana E. Parker, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before POLITZ, WILLIAMS, and SMITH, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Fred Douglas Mills, an inmate in the custody of the Texas Department of Corrections, seeks relief under 28 U.S.C. § 2254 from a fifty year sentence for aggravated robbery. Mills claims that his Sixth Amendment rights were violated when the state district judge allowed his trial to proceed with only eleven jurors. Finding no constitutional infirmity in the Texas procedure, we deny Mills' application for habeas relief.

## FACTS

A Texas grand jury returned a true bill against Mills for the felony offense of aggravated robbery. The state district court scheduled Mills' trial to begin on Monday, November 10, 1986. The jury had been empaneled. On the morning of the trial, one of the jurors, Jay Stephens, informed the court that his grandfather had died on the previous evening. Juror Stephens requested permission to leave immediately to attend the memorial service.

The trial judge considered four possible solutions to this situation: (1) he could refuse juror Stephens' request and immediately proceed to trial, (2) he could grant the request and postpone the trial until juror Stephens could return, (3) he could empanel a new jury, or (4) he could find juror Stephens disabled and proceed with an eleven member jury. The judge interviewed juror Stephens and found that the juror could return to sit on the jury by Thursday of the same week. The judge also made a finding that juror Stephens would not be able to concentrate effectively upon the trial if he was not allowed to attend his grandfather's memorial service.

The judge then called the remainder of the jury in to discuss the possibility of postponing the trial until Thursday. His interview of the remaining jurors disclosed

**91**

additional conflicts that would develop if he attempted to postpone the trial. His clerk also indicated potential scheduling conflicts with other docketed cases if the court delayed Mills' trial. Finally, the court took notice of the substantial amount of time Mills had spent in jail awaiting this trial.

Based on this information, the judge decided that it would be inappropriate to postpone the case further. He held that juror Stephens was emotionally disabled under the provisions of Tex.Code Crim.Proc.Ann. art. 36.29. The court then proceeded to trial with the remaining eleven jurors. Mills objected to the eleven member jury, but the judge overruled his objection. The jury convicted Mills of aggravated robbery, and he received a sentence of fifty years. The Texas Court of Appeals affirmed the conviction. 747 S.W.2d 818.

Mills chose not to continue his direct appeal by seeking discretionary review of the conviction from the Texas Court of Criminal Appeals. Instead, he filed a petition for state habeas corpus relief under Tex.Code Crim.Proc.Ann. art. 11.07. The Texas Court of Criminal Appeals denied habeas corpus relief on March 23, 1988.[1]

Mills then filed a petition for federal habeas corpus relief under 28 U.S.C. § 2254 in part challenging as unconstitutional his conviction by an eleven person jury. A magistrate reviewed Mills' claims and recommended denial of the requested relief. The district court adopted the magistrate's findings and conclusions. The district court also denied Mills' request for the certificate of probable cause required by Fed.R.App.P. 22(b) to appeal the decision to this Court. By order dated February 6, 1990, we granted Mills a certificate of probable cause to pursue his habeas claim in

this Court limited to a claim of a constitutional violation resulting from Mills' conviction by an eleven member jury.[2]

## ANALYSIS

■ The Sixth Amendment constitutional guarantee of trial by jury in criminal cases applies to the states through the Fourteenth Amendment. *Duncan v. Louisiana,* 391 U.S. 145, 149, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491 (1968). The Sixth Amendment does not, however, prescribe the size of the jury a state must provide for a criminal defendant. Two Supreme Court decisions define the scope of the jury guarantee.

In *Williams v. Florida,* 399 U.S. 78, 100, 90 S.Ct. 1893, 1905, 26 L.Ed.2d 446 (1970), the Supreme Court held that a twelve member jury was not an indispensable component of the Sixth Amendment jury trial guarantee. Having decided that a jury of less than twelve satisfies the Sixth Amendment, then in *Ballew v. Georgia,* 435 U.S. 223, 239, 98 S.Ct. 1029, 1038, 55 L.Ed.2d 234 (1978), the Court held that a jury of less than six does violate the constitutional guarantee. Thus, it is settled that states are free to try criminal defendants by juries having as few as six members.

The State of Texas, of course, is free under the Constitution to require that its criminal convictions require submission to a jury of twelve. Article 36.29(a) of the Texas Code of Criminal Procedure states a norm of a twelve member jury in felony cases. But that same article contains an exception: if one juror dies or becomes "disabled" before the jury is given its charge, the remaining eleven jurors have the power to render a verdict.[3]

---

1. Mills actually filed two petitions for state habeas relief. He filed his first petition while direct appeal of his conviction was still pending in the Texas Court of Appeals. The Texas Court of Criminal Appeals denied this petition on April 15, 1987 because state habeas relief under article 11.07 is available only from a final conviction.

2. Mills petition for habeas corpus in the district court, after amendment, contained three grounds of relief. The district court denied relief on all three grounds. We granted the

certificate of probable cause only on the jury issue. The other alleged grounds of error are not before this court.

3. Tex.Code Crim.Proc. art. 36.29 provides:

(a) Not less than twelve jurors can render and return a verdict in a felony case.... Except as provided in Subsection (b) of this section, however, when pending the trial of any felony case, one juror may die or be disabled from sitting at any time before the charge of the court is read to the jury, the

■ The state district judge held that this case fell under the exception to article 36.29(a). Juror Stephens was found to be emotionally disabled due to the death of his relative. In turn, this led the judge to conclude that the case could and should be heard by the remaining eleven jurors. The Texas Court of Appeals affirmed Mills' conviction, finding no error in this application of article 36.29(a) by the trial court. Thus, according to the Texas courts, Texas law allowed an eleven member jury to render a verdict against Mills in this case. This interpretation of Texas law is not subject to review by this Court in a habeas proceeding. *Seaton v. Procunier*, 750 F.2d 366, 368 (5th Cir.), *cert. denied*, 474 U.S. 836, 106 S.Ct. 110, 88 L.Ed.2d 90 (1985); *Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir.1983), *cert. denied*, 466 U.S. 975, 104 S.Ct. 2353, 80 L.Ed.2d 826 (1984).

Mills' attempt to circumvent the inescapable conclusion that both the United States Constitution and Texas law allow his eleven member jury must fail. His main argument is that the state district judge was required by the Sixth Amendment to obtain his consent prior to proceeding with an eleven member jury. He cites our decision in *United States v. Smith*, 523 F.2d 788 (5th Cir.1975), *cert. denied*, 424 U.S. 973, 96 S.Ct. 1475, 47 L.Ed.2d 742 (1976) in support of this contention.

In *Smith*, we discussed the steps that must be taken to convict a felony defendant in federal court using a jury containing less than twelve members. Relying on the Supreme Court's decision in *Patton v. United States*, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930), we held that the defendant must expressly and intelligently waive his right to a trial by a jury of twelve members before such a conviction can become effective. *Smith*, 523 F.2d at 791. But neither *Smith* nor *Patton* entitles Mills to habeas relief. *Smith* involved application of the waiver provision of Fed.R. Crim.P. 23 to a federal criminal conviction. While it is true under the requirements of Rule 23(b) that a federal criminal defendant in the circumstance of this case must con-

remainder of the jury shall have the power to

sent to a jury with less than twelve members, that fact has no bearing on Mills' state court prosecution.

The evaluation of the Supreme Court's decision in *Patton* to this case requires specific analysis. The actual question certified to the Court in *Patton* was whether a criminal defendant could waive his right to a twelve member jury and allow an eleven member jury to decide his case. In reaching its decision, the Court determined that the Sixth Amendment guaranteed a trial by a jury of twelve men. *Patton*, 281 U.S. at 288, 50 S.Ct. at 254. Before a criminal defendant could be deprived of this constitutionally guaranteed right, the Court required a knowing and intelligent waiver. *Id.* at 290, 50 S.Ct. at 255. *Patton* has not been expressly overruled. But in *United States v. Spiegel*, 604 F.2d 961, 965 n. 9 (5th Cir.1979), *cert. denied*, 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787 (1980), we said that *Williams v. Florida* may have *sub silentio* overruled *Patton* by holding that the Sixth Amendment did not require a jury of twelve. *See also, United States v. Roby*, 592 F.2d 406, 408 (5th Cir.) (*Williams v. Florida* inferentially overruled *Patton*), *cert. denied*, 442 U.S. 944, 99 S.Ct. 2888, 61 L.Ed.2d 314 (1979).

■ While the issue may be open as to whether *Patton* has continuing validity, in any event it cannot stand for the proposition that a state must obtain a criminal defendant's consent prior to proceeding with a jury of less than twelve members. As noted above, our view as to the requisite number of jury members for purposes of the Sixth Amendment has changed since the *Patton* decision. The Supreme Court has held that a state can authorize juries with as few as six members and still comply with the Constitution. Nothing in those decisions indicates an additional requirement that states seek the defendant's consent before submitting the issue of his or her guilt to a jury of less than twelve as long as the requirement of at least six members is met.

render the verdict. . . .

It is significant to note that Fed.R. Crim.P. 23(b) authorizes federal courts to proceed with eleven member juries in some instances without the consent of the defendant. All Circuit Courts addressing the question have upheld the constitutionality of the rule. *See, e.g., United States v. Armijo,* 834 F.2d 132, 134 (8th Cir.1987), *cert. denied,* 485 U.S. 990, 108 S.Ct. 1297, 99 L.Ed.2d 507 (1988); *United States v. Smith,* 789 F.2d 196, 205 (3d Cir.), *cert. denied,* 479 U.S. 1017, 107 S.Ct. 668, 93 L.Ed.2d 720 (1986). If this federal rule does not violate the Constitution, certainly the Texas law has to survive this challenge. If *Patton* retains any viability, it is only for the proposition that a defendant must knowingly waive a constitutionally mandated right.[4] A twelve member jury is not required by the Constitution so there was no need for the Texas court to obtain Mills' consent prior to proceeding with the eleven member jury.

Alternatively, Mills argues that the state judge should have empaneled an alternate juror to provide him with a twelve member jury. He relies on Tex.Code Crim. Proc.Ann. art. 36.29(b) and Fed.R.Crim.P. 24(c) for this proposition. Neither of the cited sections support his argument. Article 36.29(b) applies by its terms only to capital cases. Rule 24(c) is applicable only in federal criminal trials, not to Mills' state court prosecution.

## CONCLUSION

Mills has failed to establish a right to federal habeas corpus relief. The Constitution does not require a defendant to waive a jury of less than twelve members. The Sixth Amendment does not guarantee a jury of twelve members in a federal or state criminal trial. Although Texas law states the norm as a twelve member jury in a felony case, it allows a court to proceed with eleven jurors in the situation involved in Mills' case. Since Texas provided Mills with a jury possessing the fundamental attributes of the jury guaranteed by the

Sixth and Fourteenth Amendments, Mills has no claim for relief.

For the foregoing reasons, Mills' petition for the writ of habeas corpus was properly DENIED.

AFFIRMED.

---

4. For example, *Patton* can be seen as unquestionably still requiring a federal court or a Texas court to obtain a knowing and intelligent waiver of a jury if a defendant is to be tried by the court without a jury.