Toby Wayne Johnson v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-390-CR

     TOBY WAYNE JOHNSON,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the County Criminal Court No. 1
Tarrant County, Texas
Trial Court # 0672519
                                                                                                                

O P I N I O N
                                                                                                                

      The court convicted Appellant Toby Wayne Johnson in a bench trial of cruelty to an animal. 
See Tex. Pen. Code Ann. § 42.09(a)(5) (Vernon Supp. 1999). The court sentenced him to 180
days in the county jail and a $500 fine.
      The information alleges that Johnson did intentionally or knowingly kill an animal, to-wit: 
a kitten belonging to Michelle Thun by kicking the kitten with his foot without the consent of
Michelle Thun and without legal authority.
      The evidence reflects that Johnson repeatedly kicked the kitten across the yard of an apartment
complex. Witness Kirby saw it happen and remembered that a neighbor, Ms. Thun, was looking
for a kitten earlier in the day. Witness Kirby picked up the kitten and carried it to Ms. Thun who
said the kitten was hers and appeared upset and in shock. Ms. Thun then took the kitten, which
was dead, from Ms. Kirby and called the police. Johnson stated the kitten should not have been
on his patio.
      In the punishment phase the State introduced evidence that Johnson had been convicted of
burglary, theft of property over $750 and under $20,000, and delivery of cocaine. The court
sentenced Johnson as indicated above.
      Johnson appeals on one point of error: “The trial court committed reversible error by
proceeding to a non-jury trial without written waiver of a jury signed by Appellant before the trial
began in contravention of the requirement in Article 1.13 of the Texas Code of Criminal
Procedure.”
      Article 1.13(a) provides in pertinent part:
The defendant in a criminal prosecution for any offense other than a capital felony . . .
shall have the right . . . to waive the right of trial by jury, conditional, however, that
such waiver must be made in person by the defendant in writing in open court with the
consent and approval of the court, and the attorney representing the State.

Tex. Code Crim. Proc. Ann. art. 1.13(a) (Vernon Supp. 1999).
      Specifically, Johnson complains that he never waived in writing his right to a jury trial and
that no such written waiver was ever filed in the case. He does concede that the judgment and
sentence recite that he waived a trial by jury.
      Before the adoption of the new appellate rules, if the record did not contain a written jury
waiver and the judgment did not recite the defendant had waived a jury in writing, reversal was
required without regard to harm. See Meek v. State, 851 S.W.2d 868, 869 (Tex. Crim. App.
1993); Breazeale v. State, 683 S.W.2d 446, 450 (Tex. Crim. App. 1985) (op. on reh’g). Since
the new appellate rules went into effect, our research has revealed two published Texas cases
addressing the standard which should be used in this situation.
      The Corpus Christi court has determined that such error is statutory and subject to the harm
analysis contained in Rule 44.2(b) of the appellate rules. Salinas v. State, 963 S.W.2d 889, 891
(Tex. App.—Corpus Christi 1998), vacated, No. 466-98, 1998 WL 693106 (Tex. Crim. App.
Oct. 7, 1998). The Court of Criminal Appeals vacated the judgment in Salinas and remanded that
case to the court of appeals “for reanalysis in light of Meek and Cain [v. State, 947 S.W.2d 262
(Tex. Crim. App. 1997)


].” Salinas v. State, No. 466-98, slip op. at 2, 1998 WL 693106, at *1
(Tex. Crim. App. Oct. 7, 1998).
      The Dallas court has held that such error is structural error which requires automatic reversal. 
Lowery v. State, 974 S.W.2d 936, 941-42 (Tex. App.—Dallas 1998, no pet.). The Dallas court
relied heavily on Sullivan v. Louisiana in reaching this conclusion. 508 U.S. 275, 113 S. Ct.
2078, 124 L. Ed. 2d 182 (1993). Sullivan is a case in which the trial court submitted to the jury
an unconstitutional definition of the term “reasonable doubt.” See id., 508 U.S. at 277, 113 S.
Ct. at 2080. The Supreme Court held that this is tantamount to the denial of the accused’s
constitutional right to a jury trial. Id., 508 U.S. at 278, 113 S. Ct. at 2081. Accordingly, the
Court determined that the error was of such magnitude as to constitute “structural error” which
cannot be subjected to a meaningful harm analysis. Id., 508 U.S. at 281-82, 113 S. Ct. at 2082-83. The Dallas court followed Sullivan to conclude that the absence of a written jury waiver is
tantamount to the denial of an accused’s constitutional right to a jury trial. Lowery, 974 S.W.2d
at 942. The court held that such error is “a constitutional structural error not subject to a harm
analysis.” Id.
      In Rachuig v. State, this Court examined the appropriate harm analysis to be employed when
the trial court has failed to properly admonish the accused under article 26.13 of the Code of
Criminal Procedure. 972 S.W.2d 170 (Tex. App.—Waco 1998, pet. filed). Reviewing federal
authorities, we concluded that such error is statutory in nature because article 26.13 is designed
“to insure that the defendant entered his plea with full knowledge of its consequences” because
“[a]n affirmative showing of such knowledge is constitutionally required.” Id. at 175 (quoting
Whitten v. State, 587 S.W.2d 156, 158 (Tex. Crim. App. [Panel Op.] 1979) (op. on reh’g));
accord Carranza v. State, No. 0931-95, slip op. at 8, 1998 WL 812903, at *4 (Tex. Crim. App.
Nov. 25, 1998) (article 26.13 error is “non-constitutional error”). We adopted the harmless error
analysis used by the federal courts in assessing harm flowing from admonishment errors. 
Rachuig, 972 S.W.2d at 175-76.
      The federal and state requirements for a written jury waiver are substantially identical. 
Compare Fed. R. Crim. P. 23 with Tex. Code Crim. Proc. Ann. art. 1.13(a). As article 26.13
is designed to insure the constitutional requirement that an accused’s guilty plea be knowing and
voluntary, the written jury waiver requirement is designed to insure an accused’s constitutional
right to a jury trial. For this reason, we consider the absence of a written jury waiver from the
record to be a statutory error.
      The federal courts employ the following rule when reviewing cases where no written waiver
appears in the record:
A defendant may not effectively waive his right to a jury trial without meeting Rule
23's “in writing” requirement. The only exception is where the record clearly reflects
that the defendant “personally gave express consent in open court, intelligently and
knowingly.”

United States v. Saadya, 750 F.2d 1419, 1420 (9th Cir. 1985) (quoting United States v. Reyes,
603 F.2d 69, 71 (9th Cir. 1979)); accord United States v. Lockwood, 604 F.2d 7, 8 (5th Cir.
1979). Henceforth, we shall follow this rule. Thus, if the record contains no written jury waiver,
we will find that the defendant’s “substantial rights” have been affected unless “the record clearly
reflects that the defendant ‘personally gave express consent in open court, intelligently and
knowingly.’” Saadya, 750 F.2d at 1420; see also Tex. R. App. P. 44.2(b).
      In the case before us, the record in no way reflects that Johnson personally and expressly
waived his right to a jury trial in open court. Accordingly, we conclude that his “substantial
rights” have been affected. Tex. R. App. P. 44.2(b). We sustain his sole point.
      We reverse the judgment and remand this cause for a new trial.
 
                                                                               REX D. DAVIS
                                                                               Chief Justice


Before Chief Justice Davis
            Justice Cummings and
            Chief Justice McDonald (retired)
            (Chief Justice McDonald dissenting)
Reversed and remanded
Opinion delivered and filed December 23, 1998
Publish