**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-50553

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OSCAR RENE PEREZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-789

Before REAVLEY, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Appellant Oscar Rene Perez appeals his conviction of illegal re-entry under 8 U.S.C. § 1326 after the district court found him guilty at a bench trial. Perez argues that he was denied his right to a trial by jury in violation of Article III of the Constitution, the Sixth Amendment, and Federal Rule of Criminal Procedure 23(a). Because the record lacks evidence that Perez waived his right to a jury trial either orally or in writing, we VACATE and REMAND for a new trial.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Both Article III and the Sixth Amendment require a trial by jury in criminal cases for serious offenses. *See* U.S. CONST. art. III, § 2, cl. 3 ("The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury . . . ."); *id.* amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . ."); *but see Duncan v. Louisiana*, 391 U.S. 145, 158, 88 S. Ct. 1444, 1452 (1968) (holding that no jury trial is constitutionally required for petty offenses). This right to a jury trial may be circumscribed only by express and intelligent waiver. *See, e.g.*, *United States v. Mendez*, 102 F.3d 126, 129-30 (5th Cir. 1996) (citing *Patton v. United States*, 281 U.S. 276, 311-12, 50 S. Ct. 253, 263 (1930)); *see also Mills v. Collins*, 924 F.2d 89, 93 (5th Cir. 1991) (recognizing the continued viability of the proposition in *Patton* that "a defendant must knowingly waive a constitutionally mandated right"); *id.* at 93 n.4. In addition to the constitutional mandate, Rule 23(a) states that "[i]f the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves." An exception to the literal requirements of Rule 23(a) exists when the defendant makes an express and knowing oral waiver on the record of his right to a jury trial. *See, e.g., Mendez*, 102 F.3d at 130.

No published Fifth Circuit opinion specifically articulates the standard of review that we must employ for claims regarding the denial of a right to a jury trial. However, most other circuits addressing this issue have expressly applied a de novo review. *See, e.g., United States v. Carmenate*, 544 F.3d 105, 107 (2d Cir. 2008); *United States v. Diaz*, 540 F.3d 1316, 1321 (11th Cir. 2008); *United States v. Khan*, 461 F.3d 477, 491 (4th Cir. 2006); *Sowell v. Bradshaw*, 372 F.3d 821, 831 (6th Cir. 2004); *United States v. Robertson*, 45 F.3d 1423, 1430 (10th Cir. 1995); *United States v. Christensen*, 18 F.3d 822, 824 (9th Cir. 1994). In addition, prior Fifth Circuit cases addressing jury waiver – while not explicitly stating the standard of review – appear to apply a de novo standard of review.

*See, e.g., United States v. Lockwood*, 604 F.2d 7, 8 (5th Cir. 1979) (reviewing the entire record for evidence of waiver). Given the fundamental nature of the right at issue, and given a jury trial's central place in our criminal justice system, we apply de novo review to Perez's claim. *See Duncan*, 391 U.S. at 157-58, 88 S. Ct. at 1452 (stating that the right to a jury trial "is a fundamental right, essential for preventing miscarriages of justice and for assuring that fair trials are provided for all defendants"); *Dimick v. Schiedt*, 293 U.S. 474, 486, 55 S. Ct. 296, 301 (1935) (describing jury trials as the preferable method for trying both criminal and civil cases, and adding that "any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care").

Turning to the merits, the district court stated in its "Findings of Fact and Conclusions of Law" that "[a]fter questioning by the Court [on the day of trial], Defendant indicated that he understood his rights and knowingly waived, in writing, his right to trial by jury." This statement may be read two different ways. The most natural reading is that Perez indicated after being questioned that he had waived his right to a jury trial in writing. This reading, however, is contradicted by the record. The transcript of the bench trial – which begins with the clerk calling the case and ends with the judge setting Perez for sentencing – indicates that Perez made no such statement. Indeed, Perez only acknowledged that he had signed a stipulation as to certain facts. This stipulation states these facts "are not in dispute and need not be resolved by the jury[,]" and makes no mention whatsoever of a waiver of Perez's right to a jury trial. Therefore, if the court intended this colloquy with Perez to be the basis for its finding of fact, the court was mistaken.[1]

---

[1] Perez stipulated to facts sufficient to meet all the essential elements of illegal reentry under 8 U.S.C. § 1326. He apparently sought to present a defense of derivative citizenship. *See* 8 U.S.C. § 1401. Prior to trial, the district court granted multiple continuances to allow Perez more time to obtain the documents needed to determine whether the defense had merit. Perez was ultimately unsuccessful in obtaining the documents. As his appellate counsel

The Government argues, however, that the district court's finding of fact merely acknowledges that Perez waived his right to a jury trial at some time prior to trial. However, the Government presents no evidence that Perez made an express and knowing oral or written waiver at any time prior to trial, nor does the record so indicate. Moreover, we simply cannot conclude that a defendant knowingly and expressly waives his constitutional right to a jury trial based on a district court's unsupported finding that he did so at an unspecified time prior to trial. *See Dulin v. Henderson*, 448 F.2d 1238, 1240 (5th Cir. 1971) (holding that a waiver of a trial by jury "will not be presumed from a silent record") (citing, e.g., *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709 (1969)).

Finally, the Government argues that Perez is not entitled to a new trial because he has failed to make a showing of prejudice. However, the district court's finding was not simply "'an error in the trial process[;]'" rather, it "'affect[ed] the framework within which the trial proceeds.'" *Cf. Nelson v. Quarterman*, 472 F.3d 287, 333 (5th Cir. 2006) (Dennis, J., concurring) (quoting *Arizona v. Fulminante*, 499 U.S. 279, 310, 111 S. Ct. 1246, 1265 (1991)). Accordingly, the error is a structural defect that is reversible per se and is not subject to a harmless error analysis.[2] *See Miller v. Dormire*, 310 F.3d 600, 604 (8th Cir. 2002) ("When a defendant is deprived of his right to trial by jury, the

---

admitted at oral argument, the derivative citizenship defense was and remains the sole issue on which Perez seeks a jury determination. At no time did Perez or his counsel object to the bench trial, nor was there any objection when the judgment of conviction was entered. Further, nothing in the record suggests that the district court's apparent understanding that Perez had waived a jury trial in writing was anything other than a good faith oversight.

[2] Even if we were to find that the district court's error was not a structural defect, the Government has failed to demonstrate that the error was harmless beyond a reasonable doubt. *See Chapman v. California*, 386 U.S. 18, 24, 87 S. Ct. 824, 828 (1967) (requiring constitutional error to be proved harmless beyond a reasonable doubt); *see also Mendez*, 102 F.3d at 131 (reversing and remanding without conducting harmless error analysis); *Lockwood*, 604 F.2d at 8 (same).

error is structural and requires automatic reversal of the defendant's conviction.").

VACATED and REMANDED for a new trial.