267 So.2d 548

**STATE of Louisiana**

**v.**

**Thankful FEAZEL.**

**No. 52413.**

Oct. 4, 1972.

Leslie D. Ligon, Jr., Clinton, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Richard H. Kilbourne, Dist. Atty., Fred C. Jackson, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

Thankful Feazel appeals from a conviction of aggravated battery (La.R.S. 14:34) in the 20th Judicial District Court, Honorable William T. Bennett, Judge, for which he was sentenced to five years to the Louisiana State Penitentiary. The defendant reserved three bills of exceptions.

The first bill excepts to the trial court's denial of defendant's motion for a continuance. The motion was made on the grounds that one Freddie Lee Green, a prospective witness for the defendant, would not be available on the date set for trial due to the inability of the defense counsel to locate him.

Counsel for the defendant frankly admitted he had not talked to the witness and that he could not definitely say what the witness's testimony would be. The trial court pointed out that the continuance requested was based on the conjectural hope that the absent witness might testify that

the defendant had acted in self-defense, as in fact the defendant and his four witnesses at the trial did testify. In view of the record which indicates that the defendant was not deprived of any testimony which he expected to elicit from the absent witness, we are unable to say that the trial court abused its discretion in denying the motion for continuance nor that this prejudiced the defendant in any manner. State v. Dennis, 250 La. 125, 194 So.2d 720 (1971); State v. Polk, 258 La. 738, 247 So.2d 853 (1971). This bill is without merit.

 The second bill excepts to the denial of the defendant's motion for a directed verdict. In view of the holding in State v. Hudson, 253 La. 992, 221 So.2d 484 (1969) which held that La.C.Cr.P. art. 778 (directed verdict) is unconstitutional in jury trials, this bill is equally without merit.

The third bill reserved by defendant excepts to the court's denial of a motion for a new trial. The motion was based on the ground that there was a prejudicial error in the proceedings to wit: ". . . in the prosecution's closing, the prosecution appealed to prejudice against Louisiana State Penitentiary inmates . . .". The defendant did not object to this nor reserve any bill of exceptions at the time the alleged error occurred, therefore the alleged irregularity is not presented to this Court for review. La.C.Cr.P. art. 841. We find no merit to the further

contention that there is no evidence at all as to the aggravated battery, as the victim himself testified that the accused struck him across the face with a seine. (The defendant and his witnesses did not deny this, but claimed the blow was struck in self-defense.)

The bills perfected by defendant are without merit and there are no errors discoverable on the face of the pleadings and proceedings. The conviction and sentence are affirmed.