320 So.2d 123 (1975)
STATE of Louisiana, Appellee,
v.
Steven WHATLEY, Appellant.
No. 56364.
Supreme Court of Louisiana.
October 1, 1975.
Rehearing Denied October 31, 1975.
*124 Paul B. Deal, Donald S. Klein, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant Whatley was convicted of murder, La.R.S. 14:30 (1950), and sentenced to life imprisonment at hard labor. His appeal presents three issues to this court.

I.
By motion to quash and by motion in arrest of judgment, the defendant Whatley *125 contends that the district court was without jurisdiction to try the offense because he was a juvenile at the time of the offense and is charged with a non-capital offense. He complains of the denial of these motions. Bills of exception nos. 1 and 2.
The basis of the offense, a killing during an armed robbery, occurred on June 13, 1973. At that time, the defendant was slightly more than 16 years of age. At that time, the murder statute provided for the death penalty. La.R.S. 14:30 (1950). Therefore, under the state constitutional provision then in force, the district rather than the juvenile court had jurisdiction of the prosecution of this capital crime, even though the juvenile was under seventeen years of age. La.Const. of 1921, Art. VII, Sections 83, 96; cf. also Section 52.
Nevertheless, although the statute provided for a death penalty, the United States Supreme Court had invalidated its application through jury discretion in statutes similar to the one involved. Furman v. Georgia, 409 U.S. 15, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). Therefore, the maximum penalty that could be imposed under the statute was life imprisonment. State v. Franklin, 263 La. 344, 268 So.2d 249 (1972).
Thus, the defendant contends, the offense for which he was prosecuted was no longer "capital" since not punishable by death, cf. La.C.Cr.P. art. 933. Hence, he claims, the district court did not have jurisdiction to try this 16-year old juvenile for a non-capital offense, relying upon State ex rel. Moore v. Warden, 308 So.2d 749 (La.1975) and the earlier jurisprudence to the same effect.
A majority of this court has held, however, that, as enacted, La.R.S. 14:30 (1950) constituted a legislative classification that the crime of murder constituted a capital offense, and that conduct punishable by this statute remained a "capital" crime for purposes of Louisiana law (even though Furman held that the death sentence could not actually be imposed or executed). State v. Flood, 263 La. 700, 269 So.2d 212 (1972); State v. Holmes, 263 La. 685, 269 So.2d 207 (1971). A majority of this court is unwilling to overrule that holding or to find it distinguishable insofar as applying to the present issue.
Therefore, since the offense for which the accused was tried was legislatively classified as "capital", we must reject the defendant's contention that the district court did not have jurisdiction to try this juvenile for the 1973 murder.

II.
The issue that gave us the most concern is that raised by bills of exception nos. 3 and 4.
By these, the defendant contends that his confession was improperly admitted in evidence without the state having first borne its burden of proving beyond a reasonable doubt that it was free and voluntary and not the product of coercion, maltreatment, or promises. La.R.S. 15:451, 452 (1950); La.C.Cr.P. art. 703(C) (1966); State v. Skiffer, 253 La. 405, 218 So.2d 313 (1969); State v. Savell, 238 La. 758, 116 So.2d 513 (1959). The jurisprudence also holds that, to meet this heavy burden, the state must rebut specific testimony of factual circumstances indicating intimidation or coercive measures and cannot rely only on general testimony of police officers that they themselves witnessed no maltreatment. State v. Monroe, 305 So. 2d 902, 912 (La.1974); State v. Simien, 248 La. 323, 178 So.2d 266 (1965); State v. Honeycutt, 216 La. 610, 44 So.2d 313 (1950); State v. Robinson, 215 La. 974, 41 So.2d 848 (1949).
The issue is posed in the following context:
The confession is a typed question and answer statement taken down by the interrogating police officer within three hours of the accused's arrest. In it, the accused *126 admits that he participated in the attempted robbery and that he pulled the trigger of the gun which resulted in the victim's death, although he claims the shooting was not intended and in part blames a companion for shoving the pistol into his hand.

A.
Prior to trial, the defendant moved to suppress the confession on the ground that it was involuntary and that the accused was not given the Miranda warnings. La. C.Cr.P. art. 703. The denial of this motion forms the basis of Bill No. 3.
The evidence at the hearing accepted by the trial court reasonably shows:
The defendant, a 16-year-old boy, was arrested at his home at 6:30 A.M. and brought to police headquarters. He was read his Miranda rights. He told the officers he desired to make a statement and that someone else had done the shooting. He was sent to central lockup, because the officers desired to complete their investigation and to have the boy's mother present during their interrogation.
The officer brought him back to police headquarters at about 9:30 A.M. He was again read his Miranda rights and, as in the earlier warning, assented that he understood them and signed a form to this effect. The questioning did not commence until his mother was present. At the conclusion of the statement, the accused signed it as also did his mother. The only evidence of incompetency then offered was that the boy, age 16, was only in the 7th grade.
The mother testified that the boy showed her bruises on his chest and told her that he had been beaten previously. After she testified, the officers testified that absolutely no coercion was used in their presence and that they were not aware of any claim or sign of beating at the time of interrogation.
The boy himself did not take the stand at the hearing on the motion to suppress. His failure to do so was an intelligent choice of counsel concurred in by the boy and the mother, with full awareness that the motion testimony could not be used at the trial on the merits as to innocence or guilt.
The defendant points out that the police officers present at the interrogation testified that they neither participated in nor witnessed any coercion; but that they admitted that they had no knowledge of the accused's treatment while in lockup between the arrest and the interrogation.
In view of the mother's evidence suggesting that the boy had been beaten, his counsel argues that the state's failure to negative maltreatment during this period does not satisfy the heavy burden of the state to show affirmatively beyond a reasonable doubt that no maltreatment occurred during this lockup period. Counsel thus contends that the officers with custody of him during this period should have been called to testify.
Had the boy himself testified as to specific occasions of beating, the jurisprudence may well have required such negativing testimony. Here, however, where the mother's testimony as to evidence of a prior beating was countered by subsequent testimony of police officers then present, we are unable to hold that the trial court erred in holding that the state bore its burden of proving the confession free and voluntary, nor in holding that the Miranda warnings had been given and understood.

B.
At the trial, the defendant objected to introduction of the confession on the ground that the state had not borne its burden of affirmatively proving beyond a reasonable doubt the voluntary and noncoerced quality of the confession. The admission of this confession despite this alleged *127 lack of sufficient predicate is the basis of Bill No. 4.
La.C.Cr.P. art. 703(B) provides that a ruling on a motion to suppress the defendant's confession or statement is binding at the trial on the merits. We have held that, as to at least the issues raised and tried by motion, the ruling is conclusive as to admissibility. State v. Whitsell, 262 La. 165, 262 So.2d 509.
However, the same code provision also provides:
"When a ruling on a motion to suppress is adverse to the defendant, the state shall be required prior to presenting the written confession or written inculpatory statement to the jury, to introduce evidence concerning the circumstances surrounding the making of the written confession or written inculpatory statement for the purpose of enabling the jury to determine the weight to be given to it."
The defendant objected to the admissibility of the confession. The sole basis urged at the trial was that the defendant was incapable of understanding his act, Tr. II 116-17, although by formal bill and present brief it is additionally contended that insufficient predicate was laid by the State before introducing the confession.
At the trial before the jury, the following procedure was employed, without objection by the defendant as to it:
The police officer testified as to the voluntary nature of the confession. He was cross-examined as to it. No effort was made by the defendant at this time to disprove its voluntary nature.
The confession was then admitted over defense objection based solely upon the defendant's alleged mental incapacity. The State then rested.
(In addition to merit-witnesses who testified that the accused was simply a bystander to the shooting, the defense introduced as part of its case the testimony of a psychologist to show that, with an IQ of 52, the accused was mentally incapable of understanding the questions asked and the answers given. The accused himself took the stand before the jury to testify that he gave the statement because he was beaten by "Officer John" before his mother arrived.)
The issues posed by the defendant are these: What predicate must the State lay at the trial to show the voluntary nature of the confession. . ., does as here the simple bald statements of the lack of coercion by the investigating officer suffice? Must the defendant be given the opportunity before the confession is introduced to traverse before the jury its voluntariness, or must the defendant instead wait until presentation of his own case to present such evidence?[1]
As to the first question, in view of the denial of the motion to suppress, we are unwilling to hold that the trial court abused its discretion by permitting the confession to go to the jury upon the minimal but uncontested (at the time) evidence of its voluntary nature. See State v. Simpson, 247 La. 883, 175 So.2d 255 (1965). The safeguard for the defendant is that, if the state places in evidence only minimal evidence of voluntariness, cumulative evidence to such effect would be improper rebuttal and could not as such be used to deprive the accused of an opportunity to defend against it. La.R.S. 15:282; La.C.Cr. P. art. 765(5); State v. Campbell, 263 La. 1058, 270 So.2d 506 (1972); State v. Davis, 246 La. 383, 164 So.2d 589 (1964); 2 Marr's Criminal Jurisprudence of Louisiana, Section 633 (1923).[2]
*128 As to the second question, in the absence of objection by the defendant to the procedure, we are unwilling to rule it reversible or even erroneous. See Comment, Confessions in Louisiana Law, 14 La.L.Rev. 642, 652 (1954); but see such decisions as State v. Goins, 232 La. 238, 94 So.2d 244 (1957) and State v. McCauley, 272 So.2d 335, 342-43 (1973). See 3 Wigmore on Evidence, Section 861 at pp. 591-93 (Chadbourn Rev.1970). Logically, since the pre-trial motion to suppress has determined the judge-question as to admissibility, the defense evidence of coercion or inducement may be part of the defense case in chief, since it is merely fact evidence defending against the weight to be given to the confession. Nevertheless, see Footnote 2 and decisions in authorities cited above, other reasons of practical efficiency and fairness point to having the jury hear defense evidence going to the weight of the confession contemporaneously with the state's evidence introduced as predicate, La.R.S. 15:451, to its admissibility.
Because no objection was made to the procedure utilized, we do not decide the issue. In the present instance, furthermore, the defense evidence as to the involuntariness of the confession was heard shortly after the state's brief evidence as to its admissibility, and the state did not attempt, after the defense rested, to use rebuttal to introduce predicate evidence that should have been part of its case in chief.

III.
By motion for a new trial, the defendant contended that the prosecutor's closing argument had improperly referred to the testimony of a trial witness before the grand jury (indicating briefly that it had been to the same effect as her trial testimony). The defendant complains that the trial court erred in denying the new trial sought on such ground. Bill of exception No. 2.
No objection was made at the time of the remark, however, and the (non-prejudicial) error, if any, was waived by the failure then to object. La.C.Cr.P. art. 841. A prosecutor's argument does not form part of "the pleadings and proceedings" which may be examined for patent error even in the absence of formal objection at the time. See La.C.Cr.P. art. 920(2) and State v. Feazel, 263 La. 134, 267 So.2d 548 (1972).

IV.
The defendant calls to our attention that sentence was imposed immediately after denial of the motion for a new trial and without the delay of twenty-four hours required by La.C.Cr.P. art. 873 (unless waived by the defendant). The case must therefore be remanded for resentencing. State v. Navarre, 292 So.2d 210 (La.1974).
At that time, the trial court will give the defendant credit for time spent in custody prior to sentence, La.C.Cr.P. art. 880 (1970) if (as defendant complains, despite a minute entry to the contrary) such has not been done already.

Decree
For the foregoing reasons, we affirm the conviction, but we remand for sentencing in accordance with law.
Conviction affirmed, case remanded for sentencing.
BARHAM, J., dissents.
NOTES
[1] The defense is in error stating the record shows it was denied a requested opportunity to traverse the predicate before the confession was introduced. Tr. 81. When the prosecutor offered the witness for traversal, the trial court held that such would be inappropriate at that time. The defendant did not object to the ruling or to the procedure.
[2] Such problems arise if the defendant cannot, contemporaneously with introduction of the confession, produce evidence of alleged coercion (which goes to the jury only for its weight). Therefore, after hearing the predicate outside the presence of the jury (either by pre-trial motion, as here, or at the trial itself) and determining admissibility, some trial judges exercise their discretion in favor of permitting the predicate to be repeated to the extent desired by the parties, before the jury before formally admitting the confession in evidence. See cases cited in next paragraph of the text and in the authorities cited therein.