SANDERS, Chief Justice.
The Orleans Parish Grand Jury indicted Edwin Moore on November 29,1973, for the first degree murder of George Dominick in violation of LSA-R.S. 14:30, a capital offense. On February 2, 1974, Moore, then a juvenile, withdrew his former plea of not guilty and pleaded guilty to second degree murder, a non-capital offense, for which he was sentenced to life imprisonment. By post conviction relief, his plea and sentence were annulled, and the case was remanded for further proceedings. State ex rel. Moore v. Warden of Louisiana St. Pen., La., 308 So.2d 749 (1975).
Moore filed a motion to quash the first degree murder indictment, alleging that Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976), declared the statute under which Moore was charged, LSA-R.S. 14:30, unconstitutional. The district court judge granted the motion and ordered the indictment quashed. The State then applied for supervisory review in writ application No. 58,485. In addition, the State appealed the ruling quashing the indictment in No. 58,588.[1] Upon Moore’s *1352 habeas corpus application, the district court ordered him released. The State applied for writs, and we granted its application (No. 58,446) and issued a stay order. La., 336 So.2d 515 (1976).
The sole issue presented is whether Edwin Moore, a juvenile indicted for committing a capital offense, can be tried in criminal district court in light of Roberts v. Louisiana, supra, invalidating the death sentence.
At the time of the offense, LSA-R.S. 13:1570 provided in pertinent part:
“Except as otherwise provided herein, the [juvenile] court shall have exclusive original jurisdiction in proceedings:
“A. Concerning any child whose domicile is within the parish or who is found within the parish:
* * * * * *
“(5) Who violates any law or ordinance, except a child charged with having committed a capital crime or a crime defined by any law defining attempted aggravated rape after having become fifteen years of age. . . . ” (Italics ours.)
Moore contends that as he was a fifteen-year-old juvenile at the time of the crime, he cannot now be tried in criminal district court for the crime because it is no longer a “capital offense.” LSA-C.Cr.P. Art. 933(2).
He argues that because Roberts left the first degree murder statute without a penalty when the death penalty was declared unconstitutional, first degree murder lost its status as a capital crime and, therefore, he should be remanded to the custody of the juvenile court.
When the same issue was raised recently in State v. Smith, La., 339 So.2d 829 (1976), we held:
“Defendant maintains that when the death penalty was declared unconstitutional, first degree murder lost its status as a capital crime, and he should have been remanded to the custody of the juvenile court. (Cf. La.C.Cr.P. art. 933(2): ‘ “Capital offense” means an offense that may be punished by death’). The identical issue was raised after Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), struck down the death penalty provision of our prior first degree murder statute, La.R.S. 14:30 (1950). State v. Whatley, 320 So.2d 123 (La.1975). Whatley held that the district court retained jurisdiction over a juvenile charged with first degree murder because ‘as enacted, La.R.S. 14:30 (1950) constituted a legislative classification that the crime of murder constituted a capital offense, and that conduct punishable by this statute remained a “capital” crime for purposes of Louisiana law (even though Furman held that the death sentence could not actually be imposed or executed).’ 320 So.2d at 125. Defendant was charged, tried and convicted for an offense which the legislature classified as ‘capital,’ and Roberts has no bearing upon the jurisdiction of the district court in this matter.”
That holding is dispositive of the present case. First degree murder under LSA-R.S. 14:30 is still classified as a capital offense for purposes of a district court’s jurisdiction over a juvenile offender.
For the reasons assigned, we reverse the rulings of the district court, overrule the motion to quash the indictment, and remand the case to the district court for further proceedings according to law and consistent with the views herein expressed.

. The State applied for both writs and appealed because it was uncertain of the proper procedural vehicle. We held in State v. James, La., 329 So.2d 713 (1976) that the State may not appeal from a judgment ordering an indictment quashed; LSA-C.Cr.P. Art. 912(B) insofar as it conflicts with La.Const. Art. XIV, § 18(B) (1974) which precludes the State’s appeal of a pre-conviction final adverse judgment or ruling. The State, however, submits that its appeal is proper as it reviews the trial court’s ruling that LSA-R.S. 14:30 is unconstitutional. Although *1352 the record is unclear whether the trial court judge actually declared LSA-R.S. 14:30 unconstitutional or merely attempted to give effect to Roberts, as the State raises the identical issue in its writ application which we have granted, the substantive issue is considered in the consolidation. Writ No. 58,485 granted at La., 336 So.2d 515 (1976).