**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Henry Lee JACKSON, a/k/a Henry Jay Jackson, Defendant-Appellant.**

**No. 82–1388**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 10, 1983.

Monty B. Roberson, El Paso, Tex. (Court-appointed), for defendant-appellant.

Mike McDonald, Asst. U.S. Atty., El Paso, Tex., Sidney Powell, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before BROWN, REAVLEY and JOLLY, Circuit Judges.

PER CURIAM:

Henry Lee Jackson is a shrewd operator, but not quite shrewd enough. Applying for assistance some 75 times in 23 different states, he has swindled the government out of fourteen thousand dollars worth of food stamps within 24 months. Once caught, he confessed his crime, but later withdrew the confession. He was convicted by a jury in a two count indictment of falsely stating that he had not previously received food stamps on two separate applications in violation of 18 U.S.C. § 1001. The district judge sentenced him to two consecutive five-years' prison terms. Imposition of sentence was suspended on one count and Jackson was placed on probation for five years to commence upon completion of the prison term. No fine was levied against him. Jackson appeals. We affirm.

Jackson raises a single issue on appeal. He contends that because he confessed his wrongdoing the district court abused its discretion by not being more lenient in sentencing him. We reject this contention. The penalty for violating 18 U.S.C. § 1001 is a fine of not more than $10,000 or imprisonment for not more than five years, or both. A sentence which is within the statutory maximum is generally not disturbed on appeal. *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592, 596 (1972); *United States v. Rosen,* 582 F.2d 1032, 1038 (5th Cir.1978). Thus, Jackson's sentence is within the statutory maximum; accordingly, it should not be disturbed upon appeal absent a showing of the district court's gross abuse of discretion. *United States v. Hayes,* 589 F.2d 811, 826–27 (5th Cir.) *cert. denied,* 444 U.S. 847, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979). Jackson has made no such showing here and nor could he. The circumstances of the violation that has occurred here, coupled with a presentence report which revealed to the district judge that Jackson has three prior felony convictions for burglary and one for automobile larceny, do not in any way indicate a gross abuse of discretion. The issue isn't even a close one. If anything, the district judge showed mercy. There is no basis either in law or in fact which requires a different result.

AFFIRMED.