Thomas B. HAYNES,
Petitioner-Appellant,

v.

Robert H. BUTLER, Sr., Warden, and William Guste, Jr., Attorney General of the State of Louisiana, Respondents-Appellees.

No. 86–3013.

United States Court of Appeals,
Fifth Circuit.

Aug. 28, 1987.

---

Thomas P. Perkins, Jr., Baton Rouge, La., (court-appointed), for petitioner-appellant.

Thomas B. Haynes, pro se.

Gaynell Williams, Dorothy A. Pendergast, Asst. Dist. Attys., Research & Appeals, Gretna, La., for respondents-appellees.

Before RUBIN, GARZA, and JONES, Circuit Judges:

EDITH H. JONES, Circuit Judge:

In this appeal from the district court's denial of habeas corpus relief, the petitioner-appellant asserts that the sentence imposed for his 1977 conviction of aggravated

rape was unconstitutional and that he was denied effective assistance of counsel. Finding no entitlement to relief, we AFFIRM.

### I.

In 1977, Haynes, assisted by retained counsel, pleaded guilty to aggravated rape committed April 28, 1977 and was sentenced to fifty years imprisonment at hard labor. Haynes did not directly appeal the conviction but years later unsuccessfully sought post-conviction relief in the state courts.[1] When he was subsequently rebuffed by the federal court on habeas, we granted a certificate of probable cause to appeal.

### II.

Previously, the State of Louisiana classified the crime of aggravated rape as a mandatory capital offense. In 1976, the United States Supreme Court held in *Selman v. Louisiana*, 428 U.S. 906, 96 S.Ct. 3214, 49 L.Ed.2d 1212 (1976), that the mandatory Louisiana death penalty for aggravated rape constituted cruel and unusual punishment, violating the eighth and fourteenth amendments.

The Louisiana Supreme Court responded to *Selman* by requiring that aggravated rape convicts previously sentenced to death be resentenced to the most serious penalty for the next lesser included offense. *State v. Craig*, 340 So.2d 191, 194 (La.1976); *State v. Lee*, 340 So.2d 180, 184 (La.1976). *Craig* and *Lee* governed sentencing until the new aggravated rape statute took effect on July 10, 1977, replacing the death penalty for aggravated rape with a life sentence.

Between *Selman* and the enactment of the superseding statute, Haynes committed the aggravated rape leading to this case. On September 19, 1977, Haynes pleaded guilty. The state court could not impose the life imprisonment penalty but instead, pursuant to *Craig* and *Lee*, considered the most serious punishment for the next lesser included offense, the attempt statute, La.Rev.Stat.Ann. § 14:27(D)(1). The attempt statute provides in pertinent part, "[w]hoever attempts to commit any crime shall be punished as follows: (1) If the offense so attempted is punishable by death or life imprisonment, [the defendant] shall be imprisoned at hard labor for not more than fifty years...." *Id.* The state court accordingly resentenced Haynes to a fifty-year term.

Haynes argues that since, at the time he committed the rape, the death penalty for aggravated rape had been ruled unconstitutional and the aggravated rape statute had not yet been amended to provide for a life sentence, the sentencing court was without authority to sentence him under the attempt statute. The fifty-year sentence prescribed in the capital portion of the attempt statute, he asserts, was applicable only to one who attempted to commit a capital crime or a crime having death or life imprisonment as its penalty. Rather than suffer the fifty-year sentence, he argues he should have been sentenced to twenty years imprisonment under the forcible rape statute, which, disregarding the attempt statute, was the next lesser included offense of aggravated rape carrying the highest penalty.[2]

The state maintains that Haynes's sentencing claim involves only an issue of state law and is therefore not reviewable by the federal habeas court. Although wide discretion is accorded a state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence imposed exceeds or

---

1. *State v. Haynes*, 466 So.2d 1308 (La.1985).

2. The state district court determined that the penalty for forcible rape at the time Haynes raped his victim was forty years. When Haynes committed this offense in April, 1977, however, the maximum sentence for forcible rape was twenty years imprisonment. It was not until two months *after* Haynes committed the offense that the penalty was increased to forty years. Therefore, if the attempted rape penalty was illegal as applied to Haynes, his sentence would be amended to carry a penalty of twenty, not forty years.

is outside the statutory limits, or is wholly unauthorized by law. *E.g., Bozza v. United States,* 330 U.S. 160, 166, 67 S.Ct. 645, 648–49, 91 L.Ed. 818 (1947); *United States v. Jackson,* 696 F.2d 320, 321 (5th Cir.1983); *Willeford v. Estelle,* 538 F.2d 1194, 1196–97 (5th Cir.1976). If a sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to an "arbitrary or capricious abuse of discretion," *United States v. Garcia,* 693 F.2d 412, 415 (5th Cir.1982), or that an error of law resulted in the improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty. *Hicks v. Oklahoma,* 447 U.S. 343, 346, 100 S.Ct. 2227, 2229, 65 L.Ed.2d 175 (1980); *Hickerson v. Maggio,* 691 F.2d 792, 794 (5th Cir.1982).

█ For the reasons stated by the Louisiana Supreme Court in *State v. Craig,* 340 So.2d 191 (La.1976), and *State v. Davies,* 350 So.2d 586 (La.1977), we conclude that the fifty-year sentence imposed on Haynes was consistent with the legislature's ascertainable intent at the time the crime was committed. The United States Supreme Court's invalidation of capital punishment for aggravated rape in *Selman,* did not affect Louisiana's classification of the offense as a capital crime for purposes other than imposition of the penalty. *Smith v. Johnson,* 458 F.Supp. 289, 293 (E.D.La. 1977), *aff'd,* 584 F.2d 758 (5th Cir.1978); *Davies,* 350 So.2d at 589; *State v. Whatley,* 320 So.2d 123, 125 (La.1975). The relative seriousness of offenses and the associated hierarchy of non-capital punishments remained in effect as determined by the legislature. The obvious intention of "[t]he legislature … to impose the most serious penalty available under the law," thus remained a compelling consideration in determining what alternative sentence should be imposed. *Craig,* 340 So.2d at 194. *See also Smith,* 458 F.Supp. at 296. Consequently, the state trial court committed no constitutional error by sentencing Haynes under the statute for attempted aggravated rape in accordance with the rule set forth by the Louisiana Supreme Court in *Davies.*

█ Haynes also contends that the sentencing court abused its discretion in carrying out its responsibility. The district court found that the state court considered Haynes's criminal history, attitude and character, and his threat to society. The district court's findings of fact are not clearly erroneous. Haynes also challenges the state court's failure to comply with La.Code Crim.Proc.Ann. art. 894.1, which requires courts to state for the record the reasons and factual bases for imposing a sentence, but a state's failure to follow its own sentencing procedures is not reviewable by federal habeas corpus. *Jones v. Estelle,* 622 F.2d 124, 126 (5th Cir.) *cert. den.,* 449 U.S. 996, 101 S.Ct. 537, 66 L.Ed.2d 295 (1980). These contentions lack merit.

### III.

█ Petitioner's final contention is that his attorney's allegedly erroneous agreement to or failure to object to the fifty-year sentence denied his sixth amendment right to effective assistance of counsel. We have already determined that the fifty-year sentence was neither arbitrarily imposed nor statutorily impermissible. These conclusions undermine Haynes's only charge of deficient performance by his counsel. The rigorous test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) is therefore not satisfied. Moreover, having entered a guilty plea, Haynes's sixth amendment challenge is limited to the issues of voluntariness and his understanding of the nature of the charges brought against him and the consequences of his plea. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Based on our conclusion that the fifty year sentence was legal, Haynes has not shown that his plea was entered either involuntarily or unintelligently as a result of his attorney's advice. *United States v. Rummery,* 698 F.2d 764, 766 (5th Cir.1983).

For the foregoing reasons, we AFFIRM the district court's denial of petitioner's application for a writ of habeas corpus.