Joseph **DAVIS**

v.

Burl **CAIN**, Warden.

No. Civ.A. 98–1272.

United States District Court,
E.D. Louisiana.

March 3, 1999.

Joseph Davis, Louisiana State Penitentiary, Angola, LA, pro se.

Charles Edwin F. Heuer, District Attorney's Office, New Orleans, LA, for Burl Cain, for defendant.

### ORDER AND REASONS

PORTEOUS, District Judge.

Before the Court is a petition by Joseph Davis for issuance of a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Having considered the petition, the record, and the applicable law, the Court hereby **DENIES** the Petitioner's request for *habeas corpus* relief.

### I. Background

The Petitioner, Joseph Davis, is currently serving a fifty-year sentence in the Louisiana State Penitentiary at Angola. On January 18, 1990, a jury of twelve found Davis guilty of two counts of armed robbery. Davis was sentenced to two concurrent fifty-year terms at hard labor.

Davis appealed his conviction alleging that the sentence imposed was constitutionally excessive. The Fourth Circuit Court of Appeal affirmed the conviction in an unpublished opinion. *State v. Davis*, 573 So.2d 268 (La.App.4th Cir.1991).

Davis subsequently filed a Motion to Correct Illegal Sentence in January 22, 1992, for failure of the trial court to include the stipulation that the sentence be served "without benefit of probation, parole, or suspension of sentence" in accordance with La.R.S. 14:64. The trial court denied the motion, but the Fourth Circuit remanded on appeal for the trial court to resentence the petitioner. After repeated supervisory writs by the Fourth Circuit, the trial court resentenced Davis on June 16, 1995 to two concurrent fifty-year terms without benefit of probation, parole or suspension of sentence. The petitioner's subsequent appeal to the Fourth Circuit was denied on October 26, 1995, and the Louisiana Supreme Court denied writs on April 4, 1997.

Davis filed an application for post-conviction relief in October 1996. wherein Davis challenged a reasonable doubt jury instruction. The application was denied by the trial court on September 17, 1997. Davis did not appeal this claim.

On April 3, 1998, Davis filed the instant petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Davis alleges three grounds for relief: first, that the trial court abused its discretion when it failed to follow the sentencing guidelines and determine the intent of the original sentencing judge when resentencing the petitioner; second, that petitioner was denied due process under the *Pearce* doctrine when the resentencing imposed a harsher sentence; and third, the sentence imposed was constitutionally excessive.

## II. Legal Analysis

### A. Standard of Review under the AEDPA

A writ of *habeas corpus* on behalf of a person in custody pursuant to the judg-

ment of a state court, shall not be granted with respect to any claim that was adjudicated on its merits in a state court proceeding, unless the state court's decision was unreasonable in its application of clearly established Federal law, or unreasonable in light of the factual evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which President Clinton signed into law on April 24, 1996, includes a comprehensive overhaul of federal *habeas corpus* legislation, including 28 U.S.C. § 2254. Pub.L. No. 104–132, 110 Stat. 1214. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact. *Drinkard v. Johnson,* 97 F.3d 751, 767 (5th Cir.1996).[1]

As to questions of fact, the amended statute "permits federal court relief if the state court adjudication of the claim 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence.'" *Id.* (*quoting* 28 U.S.C. § 2254(d)(2)). The newly amended statute codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. *See* 28 U.S.C. § 2254(e)(1).

■ Regarding purely legal questions, "a federal court may grant habeas relief only if it determines that a state court's decision rested on a legal determination that was contrary to . . . clearly estab-

---

1. The court in *Drinkard* also held that applying the AEDPA to cases pending at its effective date posed no retroactivity problems. *Id.* at 756. In light of the Supreme Court's decision in *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), *Drinkard's* holding on retroactive application to pending cases has been overruled. *See Nobles v. Johnson,* 127 F.3d 409, 413 (5th Cir.

1997), *cert. denied* —— U.S. ——, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). However, the instant case was filed well after the AEDPA became effective on April 24, 1996. Moreover, the Fifth Circuit held that the standards of review enunciated and explained in *Drinkard* remain the governing standards for this jurisdiction. *See Nobles,* 127 F.3d at 413 n. 4.

lished Federal law, as determined by the Supreme Court." *Drinkard,* 97 F.3d at 768 (quotation omitted).

"[W]hen reviewing a mixed question of law and fact, a federal court may grant habeas relief only if it determines that the state court decision rested on 'an unreasonable application of[ ] clearly established Federal law, as determined by the Supreme Court,' to the facts of the case." *Id.* at 768 (*quoting* 28 U.S.C. § 2254(d)(I)). In further explaining the standard of review applicable to mixed questions of law and fact, the Fifth Circuit held that "an application of law to facts is *unreasonable* only when it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Id.* at 769 (emphasis in original). "In other words, [a federal court] can grant habeas relief only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists." *Id.*

In his petition to this Court for a writ of *habeas corpus,* Davis raises questions of law, and mixed questions of law and fact. The Court must evaluate the petitioner's claim in light of the foregoing standards if the petitioner's claim is properly before this Court.

### B. Exhaustion of State Court Remedies

A federal court's power to grant writs of *habeas corpus* is discussed in 28 U.S.C. § 2241. Although § 2241 has no specific exhaustion requirement, the jurisprudence has clearly established that federal courts should abstain from considering § 2241 matters when "the issues raised in the petition may be resolved either by trial on the merits in the state court or by some other state procedure available to the petitioner." *Dickerson v. Louisiana,* 816 F.2d 220, 225 (5th Cir.1987) (citations omitted); see *Braden v. 30th Judicial Circuit Court*

*of Kentucky,* 410 U.S. 484, 489–92, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

The AEDPA codifies this principle by specifying that a writ of habeas corpus for a prisoner in state custody shall not be granted unless an applicant "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The Fifth Circuit noted in *Drinkard* that the threshold question in *habeas* review under the amended statute is whether the claim raised by the petitioner was adjudicated on the merits in state court; that is, the petitioner must have exhausted state court remedies and not be in "procedural default" on a claim. *Drinkard,* 97 F.3d at 764; 28 U.S.C. § 2254(e)(2). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir.1988).

In the case at hand, Davis has not filed for post-conviction relief in state court on the grounds of excessive sentence.[2] However, Davis challenged the excessiveness of his sentence both in his original appeal of conviction and his appeal of the Motion to Reconsider Sentence under Louisiana Constitution Art I, § 20. Article I, § 20 was derived from the federal Eighth Amendment, with enhancement of safeguards through particular prohibitions against "euthanasia," "torture," and "excessive punishment." *State v. Perry,* 610 So.2d 746, 761–62 (La.1992). The Louisiana Constitution "affords no less, and in some respects more, protection than that available to individuals under the Cruel and Unusual Punishments Clause of the Eighth Amendment." *Id.* at 762.

A constitutionally excessive sentence under the Louisiana Constitution is one that is grossly disproportionate to the severity of the crime. *State v. Brogdon,*

---

**2.** La.C.Cr.P. 930.3 governs the grounds for post-conviction relief. La.C.Cr.P. arts. 881.1– 881.4 & 882 governs motions and appeal of

an illegal sentence after conviction. *See State v. Gibbs,* 620 So.2d 296 (La.App. 3 Cir.1993).

457 So.2d 616, 625 (La.1984), *cert. denied,* 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). Louisiana courts use federal jurisprudence as the minimum threshold of evaluating excessive punishment. *Perry,* 610 So.2d at 762 (citing *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346); *Brogdon,* 457 So.2d at 625 (citing *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), for analytical framework to evaluate gross disproportionality). Thus, Davis's failure to cite the federal constitution in his original challenge does not preclude this Court's review because the state's highest court denied writs on direct appeal from the issue of whether the sentence is excessively severe in relation to the crime.[3] *See, e.g. Bocian v. Godinez,* 101 F.3d 465 (7th Cir.1996) (finding exhaustion where petitioner framed sentence as severe even without "eighth amendment" buzzword); *Velez v. State,* 941 F.Supp. 300 (E.D.N.Y.) (finding exhaustion satisfied by reliance on federal and state cases employing the relevant constitutional analysis).

The same three claims at issue here were presented and rejected by the state's highest court on direct appeal of both the conviction and the subsequent Motion to Reconsider the sentence imposed. Therefore, Davis has exhausted the state court remedies regarding these claims. Accordingly, his petition to this Court for *habeas corpus* relief is proper.

### C. Alleged Abuse of Discretion in Sentencing

■. In his first claim, Davis challenges the trial court's failure to follow the sen-

tencing guidelines of La.C.Cr.P. art 894.1 and the intent of the original sentencing judge according to the Louisiana Supreme Court in *State v. Husband,* 593 So.2d 1257 (La.1992). However, federal courts generally decline to review a state court's interpretation of its own law in a federal *habeas* proceeding. *See Mills v. Collins,* 924 F.2d 89; 92 (5th Cir.1991) (citing *Seaton v. Procunier,* 750 F.2d 366, 368, (5th Cir.1985)); *Moreno v. Estelle,* 717 F.2d 171, 179 (5th Cir.1983). A state's failure to follow its own sentencing guidelines falls into this category. *See Haynes v. Butler,* 825 F.2d 921, 923–24 (5th Cir.1987), *cert. denied,* 484 U.S. 1014, 108 S.Ct. 717, 98 L.Ed.2d 667 (1988).

However, if a petitioner is able to show that the sentence imposed upon him "exceeds or is outside the statutory limits, or is wholly unauthorized" by law, then relief may be required. *Haynes,* 825 F.2d at 924. If a sentence falls within the statutory limits, the petitioner must carry a higher burden of proof.

■ Davis's sentence falls within the statutory limits of La.R.S. 14:64.[4] For a sentence within the statutory guidelines, the petitioner must show that the sentence was "wholly devoid of discretion or amounted to an 'arbitrary or capricious abuse of discretion,' *United States v. Garcia,* 693 F.2d 412, 415 (5th Cir.1982), or that an error of law resulted in the improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty." *Haynes,* 825 F.2d at 924 (*citing Hicks v. Oklahoma,* 447 U.S. 343, 346, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980);

---

**3.** Alternatively, Davis would be faced with procedural default for failure to raise the issue on direct appeal in state court. Louisiana's post-conviction statute does not provide for constitutional challenges to excessive sentences. *See* La.C.Cr.P. art. 930.3; *Melinie v. State,* 665 So.2d 1172 (1996). However, the court considers the claim adequately addressed in state court to satisfy exhaustion of state remedies. If the Eighth Amendment constitutes the minimum threshold under the Louisiana Constitution, and Louisiana denied

the petitioner's claim under that standard, then further petition to the state court would also be futile.

**4.** Violation of La.R.S. 14:64 subjects an offender to a sentence of five to ninety-nine years at hard labor without benefit of parole, probation or suspension of sentence. *See* La. R.S. 14:64 (West 1997). Davis was sentenced to fifty-year terms on each count of armed robbery.

and *Hickerson v. Maggio*, 691 F.2d 792, 794 (5th Cir.1982)).

In the case at hand, Davis has made no such showing. The original sentencing judge considered Davis's threat to society and criminal history. On resentencing before a new judge, the trial court ordered a sentencing report on the petitioner; held an evidentiary hearing with argument from both sides to determine the first trial judge's intent; and then pronounced sentence. Davis had both notice and an opportunity to present and challenge evidence regarding his sentence. The court finds no abuse of discretion by the trial judge in its method of imposing sentence.

### D. Alleged Due Process Violation

The petitioner argues in his second claim that the resentencing judge imposed a harsher sentence without giving objective reasons to justify the increased sentence. Petitioner claims this violated his due process rights under the Fourteenth Amendment as interpreted by the Supreme Court in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds, Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

> In *Pearce*, the Supreme Court held that due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant

be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

*Id.* at 725, 89 S.Ct. 2072. To effect safeguards against due process violations, the *Pearce* Court adopted a prophylactic presumption of vindictiveness when a resentencing judge imposes a sentence more severe than the original. *United States v. Campbell*, 106 F.3d 64, 67 (5th Cir.1997).[5]

█ Two requirements must be met for the presumption to attach: 1) a triggering event that prods the sentencing court into a posture of self-vindication, such as reversal by a higher tribunal, and 2) imposition of a harsher sentence by the sentencing court. *Kindred v. Spears*, 894 F.2d 1477, 1479 (5th Cir.1990) (citing *Texas v. McCullough*, 475 U.S. 134, 139, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986)).

The parties do not dispute that the resentencing of Davis without benefit of parole on constitutes a harsher sentence. Louisiana's Supreme Court has held that the imposition of the same term on resentencing without benefit of parole results in a harsher sentence. *State v. Desdunes*, 579 So.2d 452 (La.1991). Federal law supports this proposition. *See United States v. Steele*, 988 F.2d 998 (9th Cir.1993) (finding harsher sentence when resentencing imposed same term but changed parole eligibility from Parole Commission discretion to mandatory one-third of sentence).[6]

Instead, the State in this case argues that the petitioner fails the first element. *See* Doc. No. 7, at 5. The State claims that the judge's correction of the sentence to include the "without benefit of parole" language, required by the armed robbery statute, does not present a realistic motive

---

5. Lower court decisions have extended this concept to situations where the resentencing occurs without retrial. *Campbell*, 106 F.3d at 67 (on remand); *United States v. Vontsteen*, 950 F.2d 1086, 1089 n. 2 (5th Cir.1992). The presumption has also been applied when resentencing is performed by a different judge, despite Supreme Court discussion to the contrary. *See Texas v. McCullough*, 475 U.S. 134, 140, 106 S.Ct. 976 n. 3, 89 L.Ed.2d 104

(1986) (declining to interpret *Pearce* as governing the issue of different sentencing judges).

6. *See also United States v. Gilliss*, 645 F.2d 1269, 1283–84 (8th Cir.1981); *United States v. Hawthorne*, 532 F.2d 318, 323–325 (3rd Cir. 1976); *United States v. Barash*, 428 F.2d 328, 331 (2d Cir.1970).

for vindictiveness that "triggers" the presumption. Louisiana's Supreme Court has interpreted the correction of an illegally lenient sentence to include that a sentence be served without benefit of parole in conformance with a statute's mandate as a "wholly logical, non-vindictive reason ..." for correcting a sentence that excludes a presumption of vindictiveness. *See State ex rel. Davis v. Johnson*, 605 So.2d 1109 (La.1992) (quoting *Texas v. McCullough*, 475 U.S. 134, 140, 106 S.Ct. 976, 89 L.Ed.2d 104)); *State v. Lucas*, 598 So.2d 338 (La.1992).

While this Court may agree that correction of a sentence constitutes an objective reason that excludes the presumption in some circumstances, the circumstances surrounding this case are more troubling. Davis was resentenced only after repeated remands, and orders demanding proof of compliance, issued by the Fourth Circuit over a period of two years. The original judgment on resentencing gave the same prison term without benefit of parole but included no written reasons. On resentencing, the Louisiana Supreme Court requires the resentencing judge determine the original judge's intent regarding parole eligibility, or if that cannot be determined, to make an independent determination of the appropriate sentence, not to exceed the original term imposed. *State v. Desdunes*, 579 So.2d 452 (La.1991). The Fourth Circuit remanded to the resentencing judge twice for compliance with *Desdunes*. While the initial correction of sentence was arguably objective, the subsequent remands by the Fourth Circuit could justify a presumption of vindictiveness.

■ However, even if a presumption of vindictiveness attaches, the presumption can be overcome by objective reasons in the record that justify the harsher sentence. *Wasman v. United States*, 468 U.S. 559, 565, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984).

■ In this case, Davis was originally sentenced to two fifty-year terms for armed robbery without mention of parole. However, for armed robbery, La.R.S. 14:64 mandates that any sentence be given without the benefit of "probation, parole, or suspension of sentence." On resentencing after remand, the trial court ordered a sentencing report; heard evidence from both sides; and determined that the original judge intended to impose a lengthy sentence. Thus, the petitioner was resentenced to the same two fifty year terms with the added stipulation that the sentence be served without benefit of probation, parole or suspension of sentence. This court finds the objective evidence in the trial court record rebuts any presumption of vindictiveness.

*E. Alleged Excessiveness of Sentence*

■ In his third claim, Davis also challenges his sentence as constitutionally excessive. Citing *State v. Brogdon*, 457 So.2d 616 (La.1984), he argues that his sentence should be considered excessive for its severity without objective reason. *See* Petitioner's Memorandum in Authorities in Support of Habeas Corpus Relief, at 11.

This claim presents a question of law, therefore, the Court must first determine what is the clearly established federal law for review of an allegedly excessive sentence. The Eighth Amendment prohibits, as cruel and unusual punishment, sentences that are "grossly disproportionate" to the crime.

> This constitutional principle is tempered, however, by the corollary proposition that the determination of prison sentences is a legislative prerogative that is primarily within the province of legislatures, not courts.... Therefore, the courts must grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes.[7]

---

7. *United States v. Gonzales*, 121 F.3d 928, 942 (5th Cir.1997) (quotation omitted) (citing

Thus, "it is firmly established that successful challenges to the proportionality of punishments should be 'exceedingly rare.' " [8] The instant case is not such a rarity.

When adjudicating an Eighth Amendment challenge to the proportionality of a sentence, the Court

> must first make a threshold comparison between the gravity of the charged offense and the severity of the sentence. Only if we conclude that the sentence is "grossly disproportionate" to the offense may we proceed to consider whether it offends the Eighth Amendment, under the test announced in *Solem*.[9] If we conclude that the sentence is not "grossly disproportionate," our inquiry is finished, and we must defer to the will of [the legislature].[10]

In determining whether a sentence is "grossly disproportionate," the Fifth Circuit directs the Court to look at the sentence in *Rummel* as a "benchmark" or "litmus test." [11] In *Rummel*, the defendant had two prior felony convictions for fraud and forgery, and was sentenced to life imprisonment following his third conviction for obtaining $120.75 by false pretenses, pursuant to a "recidivist statute" that provided a mandatory sentence of life imprisonment for any defendant convicted of three felonies. The Supreme Court held that the life sentence was not so grossly disproportionate as to offend the Eighth Amendment.[12] Thus, because "we can say with certainty that the life sentence approved in *Rummel* falls on the constitutional side of the line" between constitutional and grossly disproportionate sentences, the Fifth Circuit has directed trial courts to measure a challenged sentence against the sentence in *Rummel*.[13]

In this case, Davis was originally sentenced to two fifty-year terms after the trial court found that the petitioner was extremely dangerous to the community based on previous aggravated batteries as a juvenile, committing armed robbery with a cocked gun to the victim's head, and resisting arrest with a gun cocked in his pocket. The petitioner was resentenced to the same two fifty year terms without benefit of probation, parole or suspension of sentence. Davis's armed robbery constitutes a more serious, violent crime than the fraud and forgery committed in *Rummel*. Thus, this court finds the sentence imposed on Davis fails to cross the constitutional line in violation of the Eighth Amendment prohibition against sentences "grossly proportionate" to the crime committed.

### III. Conclusion

Based on the foregoing, it is the opinion of this Court that the proceedings held in

---

*Harmelin v. Michigan*, 501 U.S. 957, 998, 999, 111 S.Ct. 2680, 2703–04, 2705, 115 L.Ed.2d 836 (1991); *Solem v. Helm*, 463 U.S. 277, 288, 290 n. 16, 103 S.Ct. 3001, 3008–09, 3009–10 n. 16, 77 L.Ed.2d 637 (1983); *Rummel v. Estelle*, 445 U.S. 263, 274–76, 100 S.Ct. 1133, 1139–40, 63 L.Ed.2d 382 (1980)). The standards cited in *Gonzales*, which involved a direct review of a federal conviction and sentence, apply equally to habeas review of a state-imposed sentence. *See Smallwood v, Johnson*, 73 F.3d 1343, 1346–48 (5th Cir. 1996).

8. *Gonzales*, 121 F.3d at 942 (citation omitted).

9. *Solem* provided three objective criteria for use in making a proportionality analysis under the Eighth Amendment: (1) The gravity of the offense and the harshness of the penalty;

(2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S at 290–92, 103 S.Ct. at 3009–11. *Harmelin* narrowed the application of the *Solem* test. *Smallwood*, 73 F.3d at 1347 (citing *Harmelin*, 501 U.S. at 1005, 111 S.Ct. at 2707); *accord Gonzales*, 121 F.3d at 943.

10. *Gonzales* at 942–43 (citing *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.1992)).

11. *See Id.* at 943.

12. *See Id.* (citing *Rummel*, 445 U.S. at 284–85, 100 S.Ct. at 1144–45).

13. *Id.*

state court did not rest on legal determinations that were contrary to clearly established federal law; and did not rely on an unreasonable application of such laws to the facts of the case. Therefore, this Court accepts the state court's conclusions, and no reason exists to grant this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Accordingly,

**IT IS ORDERED** that the Petitioner's request for *habeas corpus* relief be, and the same is hereby **DENIED.**